# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | Case No.: 11-27411-CMB |
| ROBERT T. STEVENS, JR., ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| ) | |
| MICHELLE ANN DURALIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Pro. No. _____ |
| ) | |
| ROBERT T. STEVENS, JR., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR

Michelle Ann Duralia ("Plaintiff"), by and through her undersigned counsel, Buchanan Ingersoll & Rooney PC, hereby files this Complaint to Discharge pursuant to 11 U.S.C. § 727 and Bankruptcy Rules 4004(d) and 7001(4) (the "Complaint"). In support of this Complaint, Plaintiff respectfully states as follows:

### JURISDICTION AND VENUE

1. This is an adversary proceeding brought pursuant to 11 U.S.C. § 727(c) and Federal Rule of Bankruptcy Procedure 7001(4).

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. 157(b)(2)(A) and (J).

1

4. Venue is proper pursuant to 28 U.S.C. § 1409.

5. This Complaint is timely filed as the original deadline for filing a complaint objecting to discharge was extended by order of this Court pursuant to Federal Rule of Bankruptcy Procedure 4004(b) from March 9, 2012, to April 9, 2012, and finally to May 10, 2012.

## INTRODUCTION

6. The Debtor's petition is patently false and blatantly misleading. The Debtor, an architect, owns a viable self-sustaining sole proprietorship that had more than $185,000 in revenues in 2011. The Debtor lives a solidly middle class life. He has a home, several cars, cable tv, internet, a generous clothing budget ($520 per month!) and most importantly, viable business. He supports his adult-aged children in varying ways and even put them through college. The Debtor has admitted that nothing has changed since the filing of the bankruptcy.

7. After discovery, Plaintiff has been learned that the Debtor had a staggering $168,000 in asserted "business expenses" in 2011. The reason the business expenses are so high is because the Debtor pays for numerous personal and family expenses "above the line" from his business including a family cell phone plan, car payments (for cars that he does not own) and auto insurance. In addition to these, there are numerous other areas of questionable business expenses including suspicious "wage" payments totaling $7,604.16 in 2011 to his two adult aged children (one of which who lived in Ohio). The net effect of all of this is to artificially lower the Debtor's net income not only to paint the picture of an individual who is in dire financial straits but also one who qualifies for chapter 7 when there are serious doubts as to whether this is true.

While these may seem like nominal expenses, they add up and are directly relevant to the Debtor's qualification (or lack thereof) for chapter 7 in this case.[1]

8.      Of course, none of this can be determined from the Petition itself.  That is because the Debtor deliberately paints a false picture of his financial affairs by ignoring the disclosure requirements under the law.  Rather than disclosing his $185,000 in business revenues, Debtor decided he would only disclose the amount of $2,900 per month – the amount he claims to "draw" from the business.  Rather than disclosing $168,000 in purported business expenses so that creditors could conduct a meaningful review of the appropriateness of such expenses, Debtor only itemized his claimed wage deduction from his income.  Rather than disclosing the thousands of dollars in pre-petition transfers to creditors and to family members, including $12,000 in purported wages to his children, Debtor deliberately concealed that information from his creditors and this Court.  It was not for the Debtor to decide what should and should not be disclosed.  For these and other reasons set forth below, the Petition is false and misleading and discharge should be denied.

## THE PARTIES

9.      Robert T. Stevens, Jr. (the "<u>Debtor</u>") is a self-employed architect, who operates his business, Robert T. Stevens Architects, as a sole proprietorship.

10.     Plaintiff is a creditor of the Debtor pursuant to a judgment in the amount of $61,000 obtained on or about November 1, 2011.  The judgment was awarded following a multi-day arbitration in Allegheny County relating to claims for breach of contract and professional negligence relating to architectural serves provided by Debtor to Plaintiff.

---

[1]     Because the Debtor unilaterally ignored the disclosure requirements with respect to the means test calculation, Plaintiff is unable to determine whether Debtor satisfies the means test requirements or not.

## BACKGROUND

11.     On or about December 9, 2011, the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, the "Bankruptcy Code").

12.     The Debtor is also married and lives with his wife, Roseanne G. Stevens ("Mrs. Stevens"), who earns approximately $2,368.00 per month (net of payroll deductions). Mrs. Stevens is not a co-debtor in this case, nor did she file her own individual bankruptcy petition.

13.     In connection with filing the Petition, the Debtor signed statements attesting, under penalty of perjury, that the information on the Petition, Schedules and Statement of Financial Affairs was true and correct. In particular, the Debtor stated under penalty of perjury that:

   (a)    the monthly "Gross Receipts" from his sole proprietorship in the six (6) months immediately preceding the Petition Date were $2,900.00 and that the monthly "Ordinary and necessary business expenses" of his sole proprietorship during the same period were $843.00 (in response to Question 4 in the Chapter 7 Statement of Current Monthly Income and Means-test Calculation);

   (b)    he made no payments on any debt to any creditor within the 90 days immediately preceding the Petition Date (in response to Question 3(a) in the Statement of Financial Affairs);

   (c)    he made no payments for the benefit of any creditors that were insiders of the Debtor in the one (1) year prior to the Petition Date (in response to Question 3(c) in the Statement of Financial Affairs); and

   (d)    he made no gifts or charitable contributions (with the exception of ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient) within one (1) year prior to the Petition Date (in response to Question 7 in the Statement of Financial Affairs)

14.     On March 14, 2012, Plaintiff conducted the deposition of the Debtor pursuant to Bankruptcy Rule 2004 in order to further explore the Debtor's financial affairs and assets. A true and correct copy of the Debtor's deposition transcript is attached hereto as **Exhibit 1**.

15.     On April 18, 2012, Plaintiff conducted the deposition of Mrs. Stevens pursuant to Bankruptcy Rule 2004 in order to further explore the Debtor's financial affairs and assets. A true and correct copy of the Mrs. Stevens deposition transcript is attached hereto as **Exhibit 2**.

### COUNT I
### OBJECTION TO DISCHARGE UNDER 11 U.S.C. § 727(a)(4)(A) FOR KNOWINGLY AND FRAUDULENTLY MAKING A FALSE OATH OR ACCOUNT

16.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 15 as if set forth more fully herein.

17.     Section 727(a)(4)(A) of the Bankruptcy Code provides that the court shall grant a debtor a discharge unless the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account. *See* 11 U.S.C. § 727(a)(4)(A).

18.     The Debtor knew that certain of the information contained in the Petition, Schedules and Statement of Financial Affairs (as set forth in paragraph 10 of this Complaint) was not true and correct. Specifically, as to his to response to Question 4 in the Chapter 7 Statement of Current Monthly Income and Means-test Calculation:

(a)     The actual "Gross Receipts" from the operation of the Debtor's business were at least $187,871.63 in the year 2011, which would constitute a monthly average of $15,655.97 for the six (6) months prior to the Petition Date (*see* **Exhibit 1** at p. 50-51; *see also* Ex. E thereto)[2];

(b)     The payment of the insurance premiums on non-business vehicles, including Mrs. Stevens' personal vehicle, is deducted "above the line" as an "Ordinary and necessary business expense" (*see* **Exhibit 1**; *see also* Ex. A thereto); and

---

[2] These numbers are derived from the Debtor's computation of 2011 receipts (Ex. E to **Exhibit 1**).

5

    (c)    The payment of the cellular phone bills of Mrs. Stevens and their children is deducted "above the line" as an "Ordinary and necessary business expense" (*see* **Exhibit 1**; *see also* Ex. A thereto).

19.    As to the Debtor's response to Question 3(a) in the Statement of Financial Affairs:

    (a)    Numerous payments to creditors of his business in the ninety (90) days immediately preceding the Petition Date, including a $2,300.00 payment to Herron Engineering (*see* **Exhibit 1** at p. 125-27; *see also* Ex. A thereto);

    (b)    Payments were made to his secured creditors (including payments to his mortgage holder) in the ninety (90) days immediately preceding the Petition Date (*see* **Exhibit 1** at p. 124-27);

    (c)    Payments totaling at least $8,464.06 were made in the ninety (90) days immediately prior to the Petition Date to an employee, William May (*see* Ex. A to **Exhibit 1**); and

    (d)    Payments to his landlords, Richard and Ronald Cortes, totaling $2,629.68 were made in the ninety (90) days immediately prior to the Petition Date (*see* **Exhibit 1** at p. 39; *see also* Ex. A thereto).

20.    As to the Debtor's response to Question 3(c) in the Statement of Financial Affairs:

    (a)    Payments totaling at least $3,802.08 were made to his daughter Kathryn Ann Stevens in the one (1) year immediately prior to the Petition Date (*see* **Exhibit 1** at p. 39; *see also* Ex. A thereto);

    (b)    Payments totaling at least $3,802.08 were made to his son Robert Tyler Stevens, III in the one (1) year immediately prior to the Petition Date (*see* **Exhibit 1** at p. 23-24; *see also* Ex. A thereto);

    (c)    According to Mrs. Stevens, the Debtor's father worked for him in the year 2011 (and therefore may have received payments or some other form of compensation) (*see* **Exhibit 2** at p. 33-34); and

    (d)    Payments on account of his wife's credit cards for clothing in the amount of approximately $520.00 per month (*see* **Exhibit 1** at p. 119).

21.    As to the Debtor's response to Question 7 in the Statement of Financial Affairs:

    (a)    According to Mrs. Stevens and the Debtor's 2011 tax return, between $1,200.00 and $1,600.00 in payments were made to charity (*see* **Exhibit 1** at Ex. C; *see also* **Exhibit 2** at p. 46-47.

22. The Debtor has knowingly and fraudulently made false oaths in this case, in the form of false statements on sworn documents filed with the Court, in violation of 11 U.S.C. § 727(a)(4)(A).

23. This is a troubling case. The Debtor and his viable business have and continue to support a middle class lifestyle for the Debtor and his family. In filing for chapter 7, the Debtor filed a false and misleading petition designed to shield the true nature of financial condition from his creditors. This was presumably done to paint the picture of an individual who qualified for and was in need of a chapter 7 in order to get back on his feet. It was only after extensive discovery and depositions that the truth about the Debtor's financial condition began to be discovered. The real story is that the Debtor maintains a viable business with revenues sufficient to address his business debts over time including those owing to Plaintiff. In fact, while it certainly cannot be determined from his petition, the Debtor may not qualify for chapter 7 once the numerous "above the line" deductions for personal and family expenses are accounted for. The law is clear that where a debtor files a false a misleading petition, discharge should be denied. That law should be applied here.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment denying the Debtor's discharge under 11 U.S.C. § 727(a)(4)(A) and providing for such other relief as is proper and just.

Dated: June 11, 2012

**BUCHANAN INGERSOLL & ROONEY PC**

/s/ Timothy P. Palmer
Timothy P. Palmer (PA Id. No. 86165)
301 Grant Street, 20th Floor
One Oxford Centre
Pittsburgh, PA  15219
(412) 562-8413
*Attorneys for Michelle Ann Duralia*